# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **RIGEL HARRIS,**<br>*Plaintiff*<br><br>v.<br><br>**THOMAS J. HENRY, individually;**<br>**THOMAS J. HENRY LAW, PLLC;**<br>**ROBERT T. HERRERA, individually;**<br>**and GRAY PICTURE, LLC,**<br>*Defendants* | §<br>§<br>§<br>§<br>§  Case No. 1:22-cv-00366-DAE<br>§<br>§<br>§<br>§ |

## ORDER

Now before the Court are Plaintiff's Opposed Motion to Quash Defendant Thomas J. Henry Law, PLLC's Subpoena and for Protective Order, filed July 14, 2023 (Dkt. 44); Defendant Thomas J. Henry Law, PLLC's Response, filed July 21, 2023 (Dkt. 45); and Plaintiff's Reply, filed July 28, 2023 (Dkt. 46). By Text Order entered July 17, 2023, the District Court referred the Motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.  Background

Plaintiff Rigel Harris alleges that her acting career ended due to anxiety and trauma she suffered after she was sexually assaulted by Defendant Robert T. Herrera on November 7, 2019, while they were filming a documentary movie in Austin, Texas. Complaint, Dkt. 1. Harris alleges that Defendant Thomas J. Henry, a personal injury attorney, hired Herrera, a director and filmmaker, and his production company, Defendant Gray Picture, LLC, to make the film about a music and arts festival Henry sponsored in Austin. *Id.* ¶¶ 22-23.

Plaintiff sues Henry and his law firm, Thomas J. Henry, PLLC ("TJH Law"), for unsafe workplace negligence and negligent hiring, supervision, and retention. She also brings claims for (1) assault against Herrera individually; (2) negligence based on an unsafe workplace against Gray Picture; and (3) sex trafficking under the Trafficking Victim's Protection Reauthorization Act, 18 U.S.C. § 1591, and Section 98.001 of the Texas Civil Practices and Remedies Code, and for negligent hiring, supervision, and retention, against both Herrera and Gray Picture. Dkt. 27. Plaintiff seeks actual, compensatory, and punitive damages, attorneys' and expert fees, and costs. Dkt. 1 at 16. Discovery is set to close February 2, 2024. Dkt. 35 ¶ 6.

## II. Subpoenas

Plaintiff moves to quash 16 document subpoenas TJH Law served on third parties on June 30, 2023 seeking Plaintiff's employment, medical, and educational records, as follows:

- To SAFE Alliance, Price Chopper Pharmacy #227, and six other healthcare providers: **"All documents regarding, referring to, or related to Harris, including without limitation any notes, summaries, charts, memoranda, or other records regarding any statements by Harris, examinations, diagnoses, prescriptions, or treatment plans."** Dkts. 44-2, 44-4, 44-6, 44-7,[1] 44-10, 44-11, 44-13, and 44-16.

- To five former employers and Orion Doula Care: **"All documents regarding, referring to, or related to Harris, including without limitation any records of payment, time sheets, tax forms (e.g., Form W-2s), disciplinary records, or personnel files."** Dkts. 44-3, 44-5, 44-8, 44-12, 44-14, and 44-17.

- To Prestige Management Group: **"All documents regarding, referring to, or related to Harris, including without limitation any records of auditions or interviews regarding prospective employment or casting of Harris, any employment or casting of Harris, communications with and regarding Harris, and any payments made to, from, or on behalf of Harris."** Dkt. 44-9.

- To Skidmore College: **"All documents regarding, referring to, or related to Harris, including without limitation any communications, transcripts, attendance records, disciplinary records, or any documents concerning any accusations, complaints, or reports of misconduct by Harris."** Dkt. 44-15.

---

[1] TJH Law also subpoenas all documents related to payments or billing from Healthfirst New York. Dkt. 44-7 at 11.

2

Plaintiff argues that the subpoenas "are unduly burdensome, facially overbroad, and seek irrelevant and privileged information, clearly amounting to nothing more than a wide-ranging fishing expedition meant to harass and intimidate Plaintiff." Dkt. 44 at 2. Plaintiff states that she has already agreed to provide responsive therapy documents from the date of the incident (November 7, 2019) to the present and employment records showing her earnings from January 1, 2019 to the present. Dkt. 46 at 6. She asks the Court to quash the subpoenas or, in the alternative,

> limit the documents to be produced to (1) Plaintiff's employment records which reflect Plaintiff's earnings between November 2019 – present which are relevant to Plaintiff's claim; and (2) Plaintiff's therapy records only to the extent those records concern the emotional injuries Plaintiff sustained as a result of the assault, and limited to the relevant time period of November 2019 – present which are relevant to Plaintiff's damages claim.

Dkt. 44 at 10. Plaintiff also seeks attorneys' fees for bringing and defending this motion. *Id.*

In response, TJH Law agrees to withdraw the subpoena to Orion Doula Care, a business Plaintiff controls. Dkt. 45 at 6; Dkt. 46 at 3.

Of the remaining subpoenas, only one is to an entity in the Western District of Texas: the SAFE Alliance, "an Austin non-profit that supports survivors of sexual assault and abuse," which "provided Ms. Harris with counseling and support after the assault and helped her book a plane ticket." Dkt. 1 ¶¶ 5, 44. Plaintiff states in her Reply that she "does not challenge as facially overbroad" the subpoena to the SAFE Alliance. Dkt. 46 at 3 n.2.

TJH Law argues that this Court cannot quash the other 14 subpoenas directed to entities outside this District under Rule 45(d)(3)(a). TJH Law also argues that Plaintiff has not met her burden to challenge the subpoenas as outside the scope of discovery under Rule 26(b)(1).

In addition, the parties dispute whether Plaintiff's motion is moot as to three subpoenas because the recipients have already produced responsive documents.

### III. Legal Standards

Rule 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Accordingly, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004)).

A "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). "Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that '[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). A trial court has wide discretion to determine whether to grant a motion for protective order. *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017).

Rule 45(d)(3)(A) authorizes "the court for the district where compliance is required" to quash a subpoena if it requires disclosure of privileged or protected information or subjects a person, including a non-party, to an undue burden. *See Wiwa*, 392 F.3d at 818 ("A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad.").

### IV. Analysis

As stated above, TJH Law agrees to withdraw the subpoena to Orion Doula Care, and Plaintiff appears to have withdrawn her challenge to the subpoena to the SAFE Alliance. The Court **DISMISSES** Plaintiff's motion as moot as to these two subpoenas and addresses the other 14.

4

## A. Quashal

The Court first addresses the threshold question whether Plaintiff has standing to challenge the subpoenas. Parties have limited standing to quash subpoenas served on non-parties under Rule 45. *E.g.*, *Bounds v. Cap. Area Family Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218 (M.D. La. 2016). Plaintiff challenges the subpoenas "based on the limits imposed by Rule 26(b)," arguing that the documents sought "will likely reveal sensitive, private and/or privileged educational, employment and medical information regarding Plaintiff that are well beyond the scope of discovery and irrelevant to the claims and defenses asserted." Dkt. 46 at 4.

A party may not challenge a subpoena to a third party on the grounds that the information sought is not relevant or imposes an undue burden. *League of United Latin Am. Citizens v. Abbott*, No. EP-21-CV-00259-DCG-JES-JVB, 2022 WL 2329195, at *3 (W.D. Tex. June 27, 2022); *Shenzhen Tange Li'an E-Commerce Co. v. Drone Whirl LLC*, No. 1:20-CV-00738-RP, 2021 WL 964815, at *4 (W.D. Tex. Mar. 15, 2021). But a party generally does have standing to challenge a subpoena issued to a non-party if it has a "personal right or privilege with respect to the materials subpoenaed." *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *see also Total RX Care, LLC v. Great N. Ins. Co.*, 318 F.R.D. 587, 594 (N.D. Tex. 2017) (stating that a party "has standing to file a motion to quash or modify under Federal Rule of Civil Procedure 45(d)(3) if it has a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it").

Because all 14 of TJH Law's disputed subpoenas seek personal financial, medical, or educational information about Plaintiff, the Court finds, for purposes of this motion, that Plaintiff's significant interest in this information is sufficient to confer standing to challenge the subpoenas on her own behalf. *See Parker v. Bill Melton Trucking, Inc.*, No. 3:15-CV-2528-G-BK, 2017 WL 6520779, at *3 (N.D. Tex. Feb. 2, 2017) (finding that plaintiff had standing to challenge third-

Accordingly, the Court finds that (1) therapy documents from November 7, 2019 to the present and (2) documents sufficient to show Plaintiff's income from January 1, 2017 to the present[2] are relevant to Plaintiff's claims and proportional to the needs of this case under Rule 26(b)(1). The Court also finds that because Plaintiff alleges loss of her acting career, the documents sought in the Prestige Management Group subpoena are within the scope of discovery.

Outside of these parameters, the Court finds that the other educational, medical, and financial documents TJH Law has subpoenaed are neither relevant to Plaintiff's claims or TJH Law's defenses nor reasonably calculated to lead to the discovery of admissible evidence. Because Plaintiff makes no allegations pertaining to Skidmore College, her educational records appear to be entirely irrelevant. And, as Plaintiff argues, the subpoenaed medical records comprise any "treatment for purely physical conditions." Dkt. 46 at 6. The Court finds that TJH Law's requests, unlimited in time, to Plaintiff's previous employers and healthcare providers for "all documents" concerning her are significantly overbroad, disproportionate to the needs of this case, and do not appear reasonably calculated to lead to the discovery of admissible evidence.

TJH Law contends that Plaintiff's medical records from before the alleged assault are relevant to both Plaintiff's claims and its defenses. It argues that: "Plaintiff will need to prove that her alleged emotional distress was *caused* by the alleged incident. The existence of a pre-existing mental health condition that caused Plaintiff emotional distress prior to the incident could rebut that claim, potentially eliminating or reducing any award for emotional distress damages." Dkt. 45 at 9 (citing *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993)). But neither party proposes an

---

[2] This is the time frame identified by TJH Law in its Request for Production No. 14 ("Please produce documents sufficient to identify all of the sources of income to You from January 1, 2017 to the present, including without limitation any employment, any acting roles, and any other services for which You received compensation."). Dkt. 45-2 at 15. TJH Law agrees that the subpoenas to prior employers "could be modified to limit the scope of production to documents demonstrating wages or other compensation provided to Plaintiff." Dkt. 45 at 10 n.4

7

appropriate timeframe for discovery of any records concerning Plaintiff's mental health before the alleged assault, and TJH Law's request is overbroad as entirely unlimited in time. *Cf. Jackson v. Cnty. of Bexar*, No. SA-07-CA-928-FB, 2009 WL 10699965, at *3 (W.D. Tex. Oct. 1, 2009) (limiting request for information pertaining to plaintiff's mental health condition to six years before the incident at issue).[3] The Court also observes that TJH Law asked Plaintiff to produce medical records only from "after the Incident." Request for Production No. 3, Dkt. 45-2 at 8.

For these reasons, the Court **GRANTS** Plaintiff's request to the extent that it enters the following protective order:

> **IT IS ORDERED** that the subpoenas served by TJH Law dated June 30, 2023 are limited to disclosure of (1) therapy documents from November 7, 2019 to the present to the extent those records concern the emotional injuries Plaintiff sustained as a result of the alleged assault; (2) documents sufficient to show Plaintiff's income from January 1, 2017 to the present; and (3) documents from Prestige Management Group regarding, referring to, or related to Harris, including any records of auditions or interviews regarding prospective employment or casting of Harris, any employment or casting of Harris, communications with and regarding Harris, and any payments made to, from, or on behalf of Harris.

The parties may modify this protective order by agreed stipulation.

As for any recipients of TJH Law's subpoenas that have already produced documents violating this protective order,[4] the Court **ORDERS** TJH Law to destroy all such documents and **BARS** their use in this litigation. *See U.S. v. Transocean Deepwater Drilling Inc.*, 2013 WL 3049299, at *3 (S.D. Tex. June 17, 2013) ("A case is not moot where the court can still grant a party some relief by ordering documents returned or destroyed.") (cleaned up) (quoting *U.S. v. Chevron U.S.A., Inc.*, 186 F.3d 644, 647 (5th Cir. 1999)).

---

[3] Because the Court finds that the medical records subpoenaed are outside the scope of discovery, it need not address the parties' arguments concerning whether those records are shielded under the physician-patient or psychotherapist-patient privilege.

[4] Including Skidmore College, the Repertory Theatre of St. Louis, Price Chopper Pharmacy #227, and any other entity that may have produced documents responsive to TJH Law's subpoenas at issue.

## V. Conclusion

Plaintiff's Motion Plaintiff's Opposed Motion to Quash Defendant Thomas J. Henry Law, PLLC's Subpoena and for Protective Order (Dkt. 44) is **GRANTED, DENIED, and DISMISSED IN PART**, as follows:

Plaintiff's Motion to Quash is **DISMISSED AS MOOT** as to the subpoenas to Orion Doula Care and the SAFE Alliance and **DENIED** as to the remaining 14 subpoenas.

Plaintiff's Motion for Protective Order is **GRANTED**. The Court enters the following order:

> **IT IS ORDERED** that the subpoenas served by TJH Law dated June 30, 2023 are limited to disclosure of (1) therapy documents from November 7, 2019 to the present to the extent those records concern the emotional injuries Plaintiff sustained as a result of the alleged assault; (2) documents sufficient to show Plaintiff's income from January 1, 2017 to the present; and (3) documents from Prestige Management Group regarding, referring to, or related to Harris, including any records of auditions or interviews regarding prospective employment or casting of Harris, any employment or casting of Harris, communications with and regarding Harris, and any payments made to, from, or on behalf of Harris.

The parties may modify this protective order by joint stipulation.

All other relief not specifically granted herein is **DENIED**. Each party shall bear its own attorneys' fees.

**IT IS ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable David A. Ezra.

**SIGNED** on August 28, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE