**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **RIGEL HARRIS,** § <br> *Plaintiff* § <br> § <br> **v.** § <br> § <br> **THOMAS J. HENRY, individually;** § <br> **THOMAS J. HENRY LAW, PLLC;** § <br> **ROBERT T. HERRERA, individually;** § <br> **and GRAY PICTURE, LLC,** § <br> *Defendants* § | **Case No. 1:22-cv-00366-DAE** |

## ORDER

Now before the Court are Plaintiff's Opposed Motion to Compel Deposition and for Sanctions against Defendants Thomas J. Henry and Thomas J. Henry Law, PLLC, filed June 26, 2024 (Dkt. 87); Thomas J. Henry and Thomas J. Henry Law, PLLC's Response (Dkt. 92) and Notice of Proffer (Dkt. 93), both filed July 3, 2024; and Plaintiff's Reply, filed July 10, 2024 (Dkt. 96). By Text Order entered July 2, 2024, the District Court referred the Motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.  Background

This is the latest of several discovery disputes between the parties; given that discovery closed July 12, 2024, the Court earnestly hopes it will also be the last. Plaintiff Rigel Harris asks the Court to compel the deposition of party defendant Thomas J. Henry and sanction Henry and Thomas J. Henry Law, PLLC ("TJH Law"; together, "Henry Defendants") for Henry's conduct in refusing to answer questions and terminating his deposition on Tuesday, June 25, 2024. Counsel called the Court twice during the deposition, and the Court ordered Henry's counsel, Jason Davis, to

1

complete the deposition and stop instructing his client not to answer questions within the scope of discovery.[1]

Before Henry's deposition, the Court set a hearing for Wednesday, July 3, 2024 – eight days after the deposition – on three other motions to compel and ordered the parties to file a joint advisory on those motions on July 1, 2024. Dkt. 80. The Court heard arguments on the instant Motion from Harris and the Henry Defendants during the July 3 hearing, which lasted more than two hours. The Henry Defendants' response to the instant Motion also was due July 3 and was filed that evening.

## II.  Legal Standards

Rule 26(b)(1) provides: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." The scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). The party resisting discovery must show how each discovery request is not relevant or otherwise objectionable. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). A trial court enjoys wide discretion in determining the scope and effect of discovery. *JP Morgan Chase Bank, N.A. v. DataTreasury Corp.*, 936 F.3d 251, 255 (5th Cir. 2019).

Rule 30 "places strict limits on when an attorney may instruct a deponent not to answer a question." *VirnetX Inc. v. Cisco Sys., Inc.*, No. 6:10-CV-417, 2012 WL 7997962, at *3 (E.D. Tex.

---

[1] Dkt. 97 at 28:10-18 ("The deposition should be concluded and not limited as to certain topics. You may preserve your objections. You may add this to the issues that you want to brief and present before me. But you need to conclude this deposition, being mindful that all the parties are aware of their obligations, there are protective orders in place, and the scope of discovery is broad and I haven't heard anything that's outside those bounds at this time."); Dkt. 98 at 8:16-23 ("[T]he deposition needs to continue. And the questions that are concerning employees are within the bounds of relevance and discoverable information based on what I'm hearing to continue with the deposition. So I again would suggest and reiterate that it's improper . . . to instruct your client not to answer those questions."); *id.* at 9:23-10:4 ("Again, I'm not going to countenance terminating the deposition. . . . My instructions and my order remain to not instruct your client not to answer the types of questions that have been described to me on the call at this time.").

2

Aug. 8, 2012). Rule 30(c)(2) provides: "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Rule 30(d)(3)(A), in turn, states: "At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."

Generally, courts have concluded that it is improper to instruct a witness not to answer a question based on a relevancy objection. *Keplar v. Google, LLC*, 346 F.R.D. 41, 51 (N.D. Tex. 2024). "Merely disagreeing with a particular line of questioning is not justification to shut down the deposition." *VirnetX*, 2012 WL 7997962, at *3.

Due process requires notice and an opportunity to be heard before the imposition of Rule 11 sanctions. *Childs v. State Farm Mut. Auto Ins.*, 29 F.3d 1018, 1027 (5th Cir. 1994). "Simply giving the individual accused of a Rule 11 violation a chance to respond through the submission of a brief is usually all that due process requires." *Id.; see also Moench v. Marquette Transp. Co. Gulf-Inland, L.L.C.*, 838 F.3d 586, n.7 (5th Cir. 2016) ("[T]he opportunity to respond through written submissions usually constitutes sufficient opportunity to be heard.") (citation omitted).

### III. Analysis

Since the July 3, 2024 hearing, the Henry Defendants have filed 346 pages of briefing and evidence directed to the instant Motion, comprising their response (273 pages) and proffer (73 pages).[2] The Court has considered all submissions and finds that the Henry Defendants have been given adequate notice of Plaintiff's request for sanctions and ample opportunity to respond.

---

[2] The Henry Defendants also filed 229 pages of objections to this Court's oral ruling during the deposition phone call, bringing their total submissions on this discovery dispute alone to 575 pages. Dkts. 94, 107.

The Henry Defendants did not move to terminate Henry's deposition under Rule 30(d)(3)(A). Before unilaterally terminating the deposition, which was conducted on an "attorneys' eyes only" basis (Dkt. 97 at 5:6-8), Davis objected to questions about TJH Law's employment policies and practices as irrelevant and instructed Henry not to answer, and Henry followed those instructions. *E.g.*, Dkt. 108-7 at 11.

Three months before the deposition, the Court granted Plaintiff's first motion to compel and ordered the Henry Defendants to produce all documents responsive to requests for production on TJH Law's employment policies, including No. 25: "All documents concerning Defendants' workplace policies, including but not limited to employee manuals or handbooks, sexual assault, harassing behavior, and/or sex trafficking, and compensation and benefit policies." Dkt. 55-1 at 16; Dkt. 65 at 2. Questions on TJH Law's employment policies are plainly relevant and material to Plaintiff's case because they bear on the question of the legal status as employees or independent contractors of (1) Plaintiff herself, and (2) Defendants Robert T. Herrera and Gray Picture, LLC. *See* Complaint, Dkt. 1 ¶¶ 56-59, 67-70 (asserting claims of unsafe workplace negligence and negligent hiring, supervision, and retention); Order on Report and Recommendation, Dkt. 27 at 3 (denying the Henry Defendants' motion to dismiss those claims). So, contrary to the Henry Defendants' argument, the Court finds that Plaintiff did not "inquire into sensitive areas unrelated to this case." Dkt. 92 at 17. Moreover, to the extent that any employment information may constitute trade secrets, as the Henry Defendants contend, the Court finds that such testimony is adequately protected from disclosure by the Protective Order entered June 8, 2023 (Dkt. 41).

The Court finds that Henry and Davis impeded, delayed, and frustrated Henry's fair examination, in violation of Rule 30(d)(2), by refusing to answer questions, flouting Court Orders, and unilaterally terminating his deposition.

## IV.  Conclusion

For these reasons, Plaintiff's Motion to Compel Deposition and for Sanctions against Defendants Thomas J. Henry and Thomas J. Henry Law, PLLC (Dkt. 87) is **GRANTED IN PART and DENIED IN PART**.

The Court **ORDERS** Defendant Thomas J. Henry to appear for completion of his deposition at a time and location selected by Plaintiff and to comply with all Court Orders and the Federal Rules of Civil Procedure. All costs of the re-deposition will be paid by the Henry Defendants.

The Court also **GRANTS** Plaintiff's request for attorney's fees pursuant to Rule 30(d)(2). Henry is **ORDERED** to pay Plaintiff's reasonable and necessary fees for bringing her Motion to Compel Deposition and for Sanctions (Dkt. 87) and for her reasonable fees and expenses in conducting the terminated deposition. Plaintiff is directed to file an accounting detailing her reasonable attorney's fees and costs **within 15 days of this Order**.

The Court **DENIES** Plaintiff's request to take the deposition before this Magistrate Judge, finding it to be a misallocation of scarce judicial resources. But the Court reminds the Henry Defendants that, as admonished during the July 3, 2024 hearing, they should expect any continued refusal to cooperate in discovery to result in substantive sanctions – such as adverse inference instructions – as well as monetary sanctions. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012) (stating that "it was well within the court's discretion to use sanctions as a tool to deter future abuse of discovery").

**IT IS FURTHER ORDERED** that this case be removed from this Magistrate Judge's docket and returned to the docket of the Honorable David A. Ezra.

**SIGNED** on July 25, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE